CLINT PHILLIPS, III,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        No. 4:16-CV-1236 AGF
                                        )
DR. DAVID LOITERSTEIN, et al.,          )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, plaintiff will be required to show cause within thirty (30) days of the date of this Memorandum and Order why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff alleges that in August of 2012, defendant Dr. David Loiterstein, a physician at the Veterans Administration Hospital, placed him on an "ex parte certificate of insanity," or a 96-hour hold at the Jefferson Barracks VA hospital, which plaintiff alleges was akin to "false imprisonment."

Plaintiff also alleges that certain unnamed police officers and EMS officers acted together to transport him to the VA hospital in order to assist in placing him on the involuntary hold, "without probable cause."[1] However, these individuals are not named as defendants in this lawsuit.

Plaintiff seeks monetary damages in his complaint.

## Discussion

Plaintiff is suing both Dr. David Loiterstein, his VA physician, as well as the United States of America. The Court presumes plaintiff's claims against Dr. Loiterstein are being brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), as he has filled out the civil rights complaint form and alleged violations of his rights pursuant to 42 U.S.C. §§ 1983 and 1985. A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

---

[1]As plaintiff has not made specific allegations against specific defendants relating to these John Doe police and EMT officers, the Court cannot state whether or not these unidentified officers purportedly placed him on an involuntary hold with or without probable cause.

Plaintiff did not specify in his complaint whether he is suing defendant Loiterstein in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, in this case, plaintiff's claims against defendant Loiterstein have been made only against the United States of America.

"To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 112 (8th Cir. 2000).

It is true that a plaintiff may pursue a claim against the United States under the Federal Tort Claims Act ("FTCA"), but in order to do so, the plaintiff must first present his claim in writing to the appropriate Federal Agency within two years after such claim accrues unless the action is begun within six months after the date of mailing, by certified or registered mail, of a notice of final denial of the claim by the Agency to which it was presented. *See* 28 U.S.C. § 2401(b).

Additionally, the statute of limitations provision in § 2401(b) has been narrowly construed, and a plaintiff must both file his administrative claim within two years after accrual of the claim and file his action in the District Court within six months of the Agency's final action for jurisdiction to be proper. *See Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008); *see also, Barnes v. United States*, 776 F.3d 1134 (10th Cir. 2015).

There is no indication in the complaint that plaintiff has pursued his claims within the VA prior to bringing his claims to the Federal District Court. As such, they do not appear to have been properly exhausted. Moreover, plaintiff's claims appear to be time-barred. Accordingly, the Court will require plaintiff to show cause why his action should not be dismissed for failure to exhaust his remedies.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall **show cause, within thirty (30) days of the date of this Memorandum and Order why this action should not be dismissed due to**

**plaintiff's failure to exhaust his jurisdictional remedies and for his failure to file this action in a timely manner.**

       **IT IS FURTHER ORDERED** that plaintiff's failure to respond to this Order will result in a dismissal of this action, without prejudice.

       **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

       Dated this 20th day of October, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE