UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLINT PHILLIPS, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16-CV-1236 AGF |
| DR. DAVID LOITERSTEIN, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response to the Court's Order to show cause why this action should not be dismissed. After careful review of the matter, the Court finds that this action must be dismissed.

### Standard of Review

Plaintiff is proceeding in forma pauperis. Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

On August 14, 2012, police officers and fire personnel transported Plaintiff to the VA Medical Center, Jefferson Barracks Division, for a mental health examination. Plaintiff was placed on a 96-hour hold for observation, and he was forcibly medicated. He says that Defendant Dr. David Loiterstein issued an *Ex Parte* Certificate of Insanity against him, which made "him automatically liable for false imprisonment via his reckless disregard for the truth and his obstinate refusal to seek such." He denies having exhibited any symptoms of psychiatric illness. However, he does say that he needed "emergency psychiatric medicine because [he] was running low on pills, and [his] psychiatrist had cancelled [his] appointment at last minute notice so [he] was unable to get a refill."

Plaintiff sues both Dr. Loiterstein and the United States. He sues Dr. Loiterstein under *Bivens*, and he sues the United States under the False Torts Claim Act, 28 U.S.C. §§ 2671-80 ("FTCA").

## Discussion

On initial review, the Court found that Plaintiff's allegations against Dr. Loiterstein were barred by sovereign immunity because he sued Defendant in his official capacity. The Court further found that it lacked jurisdiction over his FTCA claim because there was no indication he exhausted his administrative remedies with the VA. As a result, the Court ordered Plaintiff to show cause why the case should not be dismissed.

In his Response, Plaintiff says, "I am suing Dr. David Loiterstein in his individual capacity under 'Bivens' and the U.S. under the Title 28 Section 2680(h) exemption to sovereign immunity."

Plaintiff's Response is inadequate to demonstrate that this action should not be dismissed. Plaintiff cannot add an individual capacity claim against Dr. Loiterstein without filing an amended complaint. The Federal Rules do not allow for supplemental pleadings. *See* Fed. R. Civ. P. 7(a). Moreover, Plaintiff's allegations against Dr. Loiterstein are entirely conclusory, and therefore, fail to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678.

Finally, Plaintiff has misinterpreted the exceptions to tort liability under § 2680. Section 2680 describes situations in which the United States *cannot* be held liable under the FTCA. In particular, § 2680 prohibits suits under the FTCA for "claim[s] arising out of assault, battery, false imprisonment, [and] false arrest . . ." As a result, Plaintiff has not shown that the Court has jurisdiction over his FTCA claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 3rd day of February, 2017.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE